■ FLEET TRUST COMPANY et al., as Trustees Under Article Fourth for the Benefit of Protestant Episcopal Church of the Ascension Under the Will of WILLIAM R. BOUGHTON, Deceased, Appellants-Respondents. PROTESTANT EPISCOPAL CHURCH OF THE ASCENSION, Respondent-Appellant. [692 NYS2d 548] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Testator, a lifelong member of the Protestant Episcopal Church of the Ascension (Church), established in his last will and testament a testamentary trust for the benefit of the Church in memory of his parents. The terms of the trust provide in relevant part:

"(A) My trustees shall invest the trust assets to receive a reasonable return on the fund and also to maintain and

increase the value of the principal. The trustees shall collect the income therefrom, and shall distribute the net income to the Church of the Ascension in quarter-annual or more frequent installments.

"(B) If in the sole and absolute judgment of my trustees any of the following events shall occur, the trust shall terminate, and the remaining principal shall be distributed as provided in paragraph (C) below * * *

"(3) If in the absolute judgment of my trustees, the nave, chancel or sanctuary of the Church is materially altered from the way it is maintained and used at the time of the execution of this Will."

On or about September 9, 1997, petitioners, Fleet Trust Company and Clinton F. Ivins, Jr. (Trustees), filed an accounting that provides in part for termination of the above trust on the ground that the removal of the pews from the nave of the church in anticipation of replacing them with movable seating constitutes a "material alteration" of the church. The Church filed objections to the accounting, asserting that the replacement of some pews in the nave did not "materially alter[ ] [the church] from the way it is maintained and used at the time of the execution of this Will". The Trustees moved for summary judgment dismissing the objections, and the Church cross-moved for summary judgment. In support of the motion and cross motion, numerous affidavits were submitted on the issue whether the changes constituted a "material alteration". Surrogate's Court erred in denying the motion and cross motion on the ground that there are triable issues of fact. The testator placed absolute discretion in those matters in the Trustees, and it is not for a fact finder to determine whether their judgment is reasonable. Absent a showing of fraud or improper motives on the part of the Trustees, their decision in such matters is final (*see, Cushman v Cushman*, 116 App Div 763, 766, *affd* 191 NY 505). The conclusory affidavits submitted on behalf of the Church are insufficient to raise a triable issue of fact concerning fraud or improper motives on the part of the Trustees.

Consequently, we modify the order by granting the Trustees' motion for summary judgment in its entirety and dismissing the objections. (Appeals from Order of Chautauqua County Surrogate's Court, Cass, S.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.